RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/3/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHNNY W. ORSO, JR. <br> LA. DOC #512571 | CIVIL ACTION NO. 3:10-cv-1069 |
| VERSUS | SECTION P |
| | JUDGE ROBERT G. JAMES |
| MARK SHUMATE, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### RULING

Pending before the Court is a civil rights complaint filed by *pro se* plaintiff Johnny W. Orso, Jr. ("Orso"), on June 15, 2010. Orso complains that he was denied free exercise of his religion and his right of access to the courts by corrections officials at both East Carroll Detention Center ("ECDC") and River Bend Detention Center ("RBDC"). He brought suit against East Carroll Parish Sheriff Mark Shumate, ECDC Warden Ronnie Harris, ECDC Captain Joseph Poche, and RBDC Warden Alvin Jones, praying for compensatory damages for grief, mental anguish, and emotional distress, for punitive damages, and for injunctive relief.

On October 13, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 19], recommending that this Court dismiss Orso's claims as frivolous and failing to state a claim as a matter of law. On November 23, 2010, Orso filed objections [Doc. No. 22] to the Report and Recommendation. For the following reasons, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation, but DISMISSES Orso's claims WITH PREJUDICE for failure to state a claim as a matter of law.

First, to prevail on a denial of access to the courts claim, the prisoner must show that he was

prejudiced by the alleged violation. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). In order to demonstrate prejudice, a prisoner must show that his ability to pursue a nonfrivolous legal claim was hindered by the actions of the defendants. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Even if Orso's allegations are true, he suffered no injury because he pursued his claims in this forum. The Court agrees with and ADOPTS the Magistrate Judge's analysis and conclusion, and this claim is DISMISSED WITH PREJUDICE.

Second, to the extent that Orso attempted to state an Equal Protection Claim under the Fourteenth Amendment for Defendants' failure to provide him with an Elder in the Native American pipe religion and the failure to provide him religious services while Christians conducted a month-long revival, the Court agrees with and ADOPTS the Magistrate Judge's analysis and conclusion, and this claim is DISMISSED WITH PREJUDICE.

Orso also asserted that he suffered First Amendment and RLUIPA violations because Defendants placed a substantial burden on the free exercise of his religion. The Magistrate Judge factually recounted those allegations, and the Court adopts and incorporates herein her statement of the facts. However, the Court DECLINES TO ADOPT the analysis of these claims.

> Under the RLUIPA, the Government is prohibited from imposing a substantial burden on a prisoner's exercise of religious freedom **unless there is a compelling governmental interest and the burden is the least restrictive means of furthering that interest**. § 2000cc-1. Therefore, in order to make a claim under RLUIPA, [a prisoner] must show that the prison's regulations imposed a substantial burden on his exercise of religious activity. *Adkins v. Kaspar*, 393 F.3d 559, 564-65 (5th Cir. 2004).
>
> . . .
>
> Although the RLUIPA imposes a strict scrutiny of prison regulations, lawmakers were mindful that discipline, order, safety, and security are urgent in penal institutions and anticipated that courts would apply the RLUIPA test "with due deference to the experience and expertise of prison and jail administrators in

2

establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Cutter v. Wilkinson*, 544 U.S. 709, 722-23, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005).

*Lockamy v. Dunbar*, No. 10-40126, 2010 WL 4272588, at *1-2 (5th Cir. Oct. 29, 2010) (emphasis added); *see also A.A. ex rel. Betenbaugh v. Needville Indep. School Dist.*, 611 F.3d 248, 270 (5th Cir. 2010).

In determining whether a prisoner has suffered a substantial burden, the Court is required "to determine (1) whether the burdened activity was in fact a 'religious exercise' and, if so, (2) whether the burden was 'substantial.'" *Jones v. Shabazz*, 352 Fed. App'x. 910, 914 (5th Cir. 2009) (quoting *Adkins*, 393 F.3d at 567). "A government action or regulation only creates a 'substantial burden' on a religious exercise if it truly pressures an adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Id.* (quoting *Adkinis*, 393 F.3d at 570). Finally, "'[t]he effect of a government action or regulation is significant when it either (1) influences the adherent to act in a way that violates his religious beliefs, or (2) forces the adherent to choose between, on the one hand, enjoying some generally available, non-trivial benefit, and, on the other hand, following his religious beliefs.'" *Id.* (quoting *Adkinis*, 393 F.3d at 570).

Orso's First Amendment claim is analyzed under a similar, but somewhat lesser standard than that required by RLUIPA, as the Fifth Circuit has explained:

> We defer to the policy decisions of prison regulators where limitations on religious liberties are **reasonably related to legitimate penological interests**. *Baranowski v. Hart*, 486 F.3d 112, 120 (5th Cir. 2007). Under *Baranowski*, we ask: (1) whether there is a rational relationship between the regulation and the legitimate government interest advanced; (2) whether the inmates have available alternative means of exercising the right; (3) the impact of the accommodation on prison staff, other inmates, and the allocation of prison resources generally; and (4) whether there are "ready alternatives" to the regulation. *Id.*

*Jones*, 352 Fed. App'x. at 915 (emphasis added).

In this case, in his Complaint and his objections to the Report and Recommendation, Orso has identified two tenets of his religion which were substantially burdened by the actions of ECDC and RBDC Defendants. While at RBDC, Orso was not permitted to engage in a tenet of the Native American pipe religion by attending the Pow-Wow, a celebration to honor the Great Spirit, where the Sun Dance is performed annually in June. In the Sun Dance, a three-day ceremony, the tribe gathers around the Kiva, a sacred prayer circle, to honor Father Sun with ceremonial dances; they fast until sundown eating only after paying tribute to Father Sun; and they eat no pork or pork products during these three days. In his objections, Orso clarified that the Sun Dance is usually performed at noon, but he was willing to compromise by performing it in the evening while a Christian revival was taking place, so that security was not an issue. He also could have used a "Walk-Man" radio, so his music would not disturb others, and his family was willing to provide the resources, so that there was no financial burden on the prison.

He also contends that he was denied a tenet of his religion when he was not permitted to perform the Mourning Ceremony at ECDC or RBDC after his grandmother died on March 25, 2010. During this ceremony, he would have played tribal music on his Walk-Man while burning incense. The ceremony requires that he chant while cleansing himself. Traditionally, he would do this in the presence of the deceased, but, as he did when his mother died, Orso intended to use a picture of his grandmother.

Based on these allegations, at least for purposes of frivolity review, Orso sufficiently demonstrated that he wished to engage in the free exercise of his religion and that the RBDC and ECDC Defendants substantially burdened his rights under RLUIPA and his First Amendment rights

4

when they said they could not "provide" or "offer" his "beliefs." [Doc. No. 17]. Because this case is in the initial screening stage, Defendants have not identified what compelling governmental interest was at stake, how their decision was related to penological interests, whether there was a reasonable relationship between the burden imposed and the interest sought to be protected, or whether their decision was the least restrictive means available.

However, even though Orso's claims might otherwise survive review, the Court agrees with and ADOPTS the Magistrate Judge's analysis of the relief he seeks. As Orso has been transferred to Elayn Hunt Correctional Center ("EHCC"), his claims for injunctive relief are moot. Additionally, his claim for compensatory damages is subject to dismissal pursuant to 42 U.S.C. §1997e because he cannot recover damages for a mental or emotional injury without a prior showing of a physical injury. Finally, as the Magistrate Judge explains, Plaintiff could recover punitive damages for constitutional violations, but the Court would have to find Defendants' actions egregious or reprehensible. Even if the Court accepts the facts as stated by Orso, the allegations simply do not rise to this level.

Accordingly, for the foregoing reasons, Orso's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim as a matter of law.

MONROE, LOUISIANA, this 3 day of February, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE